WILSON v. WILLIAM BADEAUX CO.

(January 5, 1931. Opinion and Decree.)

Cahn & Cahn and Leon Cahn, of New Orleans, attorneys for plaintiff, appellee.

Dart & Dart and Leo L. Dubourg, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff in this proceeding sought to foreclose, via ordinaria, a chattel mortgage dated November 18, 1929, given in security for a note for $2,000 executed by the defendant corporation as collateral security for an indebtedness due plaintiff in the sum of $1,350.47, with 6 per cent interest from November 18, 1929, and 10 per cent attorney's fees. The defendant corporation, through its receiver, who had been appointed by the civil district court about four months later, or April 1, 1930, answered, admitting the execution of the mortgage, but attacking same as an unfair, illegal, and fraudulent preference over the other creditors of defendant. Assuming the character of plaintiff in reconvention, he asked for a judgment in defendant's favor against plaintiff, setting aside the chattel mortgage, and dismissing the suit. There was judgment below in favor of plaintiff, and defendant has appealed.

The case is controlled by article 1984 of the Civil Code, which reads as follows:

"Every contract shall be deemed to have been made in fraud of creditors, when the obligee knew that the obligor was in insolvent circumstances, and when such contract gives to the obligee, if he be a creditor, any advantage over other creditors of the obligor."

The question for determination, one of fact, is whether the plaintiff knew of the insolvency of his debtor at the time the chattel mortgage was executed. It is admitted that defendant was, as a matter of fact, insolvent at the time, but plaintiff denies knowledge of that fact. Counsel for the receiver make the point that direct evidence of knowledge of insolvency is practically impossible to secure and that it suffices to establish certain facts creating a strong presumption. They cite Calcasieu National Bank v. Campbell, 155 La. 383, 99 So. 337; Ventrilla v. Tortorice, 160 La. 521, 107 So. 390; and In re Morgan & Co., 155 La. 915, 99 So. 696. We are of opinion that the point is well taken and supported by the authorities cited; but we arise from our consideration of the record in this case with the conviction that the evidence here is not such as to warrant the conclusion that the plaintiff knew of the insolvency of his debtor, giving full effect to the principle referred to by counsel and established by the cited cases. The best that can be said concerning the testimony from the standpoint of defendant is that the Badeaux Company, Inc., was not prompt in the settlement of its bills, but very slow to pay, and required much prodding by their creditors. While it is unquestionably true that the plaintiff was aware of the unsatisfactory credit risk involved in its transactions with the defendant, it cannot be said, from the evidence before us, that he knew, or had cause to believe, his debtor to be insolvent at the time the mortgage was executed. The fact that a corporation is slow to pay its bills may be due to difficulty experienced in making its collections. We understand that this was the explanation given the plaintiff by officers of the Badeaux Company, Inc., when demands were made for a more satisfactory settlement of its obligations.

We are in accord with the finding of the trial court upon the issue of fact which alone is involved, and, consequently, for the reasons herein assigned,

The judgment appealed from is affirmed.