GRAY, MACMURDO & CO. *v.* LOWE & ·PATTISON et al.

An injunction issued to restrain the negotiation of a bill of exchange, which being dissolved, this · suit for damages was brought on the injunction bond. *By the Court:* The rule of damages would seem to be that the probable loss sustained by a party in consequence of having been deprived of the free disposal of his own property should be the true standard; in other words, he should be placed as nearly as possible in the situation in which he would have been if the disturbance had not taken place. Consequential or vindictive damages cannot be allowed.

Plaintiff is entitled to recover lawyer's fees actually expended by him to obtain the dissolution of the injunction.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Elmore & King,* for plaintiffs. *Goold & Stansbury*, for defendants and appellants.

VOORHIES, J. This is an action for damages. *Gray, Macmurdo & Co.* were the holders of a draft of $5000, drawn by *Alexander Pattison, Jr.*, to the order of and endorsed by *William H. Pattison*, of the firm of *Lowe & Pattison,*

the drawees and acceptors thereof. On the 20th of October, 1851, *Lowe &*
*Pattison* brought suit against *William Partee & Co.* and *Gray, Macmurdo &*
*Co.* to recover the draft, on grounds which are concisely stated in the opinion
of our predecessors; (7 An., 465) and to restrain its negotiation, sued out a writ
of injunction. On the 26th of November, 1851, *Gray, Macmurdo & Co.*
brought suit on the draft against *Lowe & Pattison.*

Both' actions were then consolidated, and terminated in a judgment whereby
the injunction was dissolved, and *Gray, Macmurdo & Co.* recovered of *Lowe &*
*Pattison* the sum of $5254, being the amount of the draft, with damages at
five per cent., and the cost of protest, with five per cent, interest from the 14th
of November, 1851, until paid. The injunction bond therein given by *Lowe &*
*Pattison*, with *Fearn, Donegan & Co.* as sureties, for the sum of $2000, forms
the basis of the present action.

The damages of which the plaintiffs complain are alleged to consist in law-
yers' fees, which they were compelled to pay to have the injunction set aside,
and in the trouble, labor and annoyance to which they were subjected in attend-
ing to the defence of the case, and also damages which resulted from the ina-
bility to negotiate the draft in consequence of the injunction.

The defendants answered separately by pleading the general issue.

The cause was tried by a jury, who found a verdict in favor of the plaintiffs
against the defendants for the sum of $2000, the full amount of the bond.
After an unsuccessful attempt to obtain a new trial, the latter appealed from a
judgment thereon rendered against them.

In cases of this kind, we think the doctrine as to the standard of damages
is well settled under our jurisprudence. It is clear that consequential or vin-
dictive damages cannot be allowed. The rule would seem to be that the pro-
bable loss sustained by a party in consequence of having been deprived of the
free disposal of his own property, should be the true standard; in other words,
he should be placed as nearly as possible in the situation in which he would
have been if the disturbance had not taken place. 6 L. R., 169; 11 R., 146.

It is not pretended by the appellees that they have not realized the full
amount of the draft, damages and interest, as awarded by the judgment in
their favor. But even if it were, we think their objection on the trial below
to the admission of proof of the payment of that judgment, coupled with the
other circumstances, would afford a sufficient presumption of such payment.
In *Hutchinson* v. *Sparks*, 3 An., 548, it was held that the withholding from the
party the evidences of debt upon which he desired to raise money should not
induce a more rigorous measure of damages than withholding a like sum of
money, and in such case the measure of damages would be interest. On this
score it is, therefore, clear that the plaintiffs are not entitled to any damages.

But it is urged that the appellees are entitled to recover as special damages
the amount paid by them for professional services rendered in the injunction
suit. In the case of *Jones* v. *Doles*, 3 An., 388, an action for damages on a
sequestration bond, it was held that, in the assessment of damages, the reason-
able expense of counsel employed in the former suit was allowable. But we
understand the rule to be with the qualification as laid down in the case of
*Penney* v. *Taylor*, 5 An., 714, which was also an action for damages on a se-
questration bond, in which it was held that the plaintiff, who had paid his
counsel $250 for their professional services in the suit, was entitled to recover
as damages the portion thereof fairly due for the services relating to the release

of the vessel from the sequestration. In all cases quoted, in which counsel fees were allowed as damages, such fees appear to have been for services rendered in relation to the release of the property. It follows, therefore, that the plaintiffs can only recover as damages such amount as they may have expended for professional services relating to the dissolution of the injunction.

The sum of $500 appears to have been paid by them for professional services rendered by *Messrs. Elmore & King*, in the case of *Lowe & Pattison* v. *Gray*, *Macmurdo & Co.* The record of that case shows that a rule was taken by the counsel to set aside the injunction on the ground of the insufficiency of the affidavit and bond; and the rule was discharged without prejudice to the rights of the parties.

We think, under the circumstance, the sum of $100 would be a just and equitable allowance as damages for the services relating to the injunction. It is obvious from the evidence that *Lowe & Pattison* had reasonable grounds to believe that they had a good cause of action, and were not prompted by malice in the institution of their suit against the plaintiff. In the legitimate exercise of their legal rights they cannot be considered in fault, and hence they are not bound to repair all the damage which the plaintiffs may have sustained thereby. 14 L., 50; 11 ibid, 238.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, that the plaintiffs recover of the defendants, *in solido*, the sum of one hundred dollars, and that said plaintiffs and appellees pay the costs of this appeal.