28  777
44  472

## No. 4482.

·J. P. Harrison, Jr., vs. New Orleans, Jackson, and Great Northern Railroad Company.

This is a suit for damages in consequence of an alleged violation of contract.

It is impossible to say what will be the result of an enterprise which depends upon the employment of labor and the wants of a community, and so the future profits which the plaintiff expected to make can not be considered. The question is, what damages had the plaintiff sustained up to the time this suit was instituted, and how these damages are to be ascertained.

The plaintiff is not entitled to any interest on the amount of money expended by him in the erection of his buildings, etc.; neither can the defendant be held responsible for the difference between the cost of the brick-yard with its buildings and its present value. It may have been extravagantly built; it may not have been worth the price paid for it; it may increase in value after the rendition of this judgment. In other words, it is subject to the same fluctuation in value that every other species of property is subject to, and does not form an element in the consideration of damages.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J.* *John A. Campbell, John Ray,* and *R. H. Marr,* for plaintiff and ·appellee. *Semmes & Mott, Hayes & New,* and *L. E. Simonds,* for defend- ant and appellant.

Morgan, J. This is a suit to recover from the defendants one hundred thousand dollars damages.

Plaintiff alleges that his father, whose interests in this matter have all been transferred to him, desiring to establish a brick-yard at Ham-

56

mond Station, a point on the line of the Jackson Railroad, entered into a contract with the defendants by which they agreed, between the months of March and October, 1871, to furnish transportation for all the bricks that might be offered, and that between the months of October and March they would furnish transportation for not less than sixty thousand bricks per week.

He says that extensive and expensive works were put up by him at Hammond Station, and that he was prepared to manufacture large quantities of bricks, upon which he would have made a profit in the sum claimed. He avers that he was deprived of these profits by reason of the defendants not complying with their contract.

That the defendants did not comply with their contract is fully made out by the evidence, and that the plaintiff is entitled to damages there is no doubt. The difficulty is in assessing the damages. It is impossible to say what will be the result of an enterprise which depends upon the employment of labor and the wants of a community, and so the future profits which the plaintiff expected to make can not be considered. The question is, what damages had the plaintiff sustained up to the time this suit was instituted, and how these damages are to be ascertained.

The district judge adopted as the basis of his judgment the cash disbursements made by plaintiff, including cost of property, amounting to $137,797 55, to which he added interest, $10,208, making the total debit $148,005 55. From this he subtracted receipts, $86,554 25, value of lands, stock, etc., $27,575 10, making in all $114,129 35, thus leaving a balance of $33,876 20 in favor of plaintiff, for which he gave judgment.

This mode of computation is not correct, we think. The plaintiff is not entitled to any interest on the amount of money expended by him in the erection of his buildings, etc., and the account upon which the disbursements are charged includes many things besides money expended in making bricks. Neither can the defendants be held responsible for the difference between the cost of the brick-yard, with its buildings, and its present value. It may have been extravagantly built; it may not have been worth the price paid for it; it may increase in value after the rendition of this judgment. In other words, it is subject to the same fluctuation in value that every other species of property is subject to, and does not form an element in the consideration of damages. We are satisfied, however, that the plaintiff is entitled to some damages, and we fix them at seven thousand and five hundred dollars.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended by reducing the amount thereof from $33,876 20 to $7500, and that as thus amended the judgment be affirmed, defendants to pay costs in the court below, plaintiff to pay those of appeal.

Rehearing refused.