BREAUX, C. J.
The plaintiff instituted suit against the defendant to have a lease canceled and erased from the .records. It is a mineral lease drawn in the form of such leases, but it partakes of both a sale and a lease. Plaintiff conveyed all the oil, gas, coal, sulphur, lignite, and salt on the land to defendant with the right to enter upon the land for mining and drilling purposes and operating for oil and other minerals, with the right also of erecting buildings, pipes, and machinery to operate oil and other wells.
The defendant obligated itself to commence the drilling of a well within six months from the date of the deed or pay to Mrs. Long 10 cents per acre a year, payable quarterly in advance until the drilling was commenced or the lease terminated. There is1 a price mentioned also of one dollar.
*604 The deed bears date April, 1907; this suit was instituted in November, 1911; over three years had elapsed.
The Sun Mutual Company bound itself to pay a royalty to plaintiff of one-eighth part of the oil produced provided it was found in paying quantities, and, if gas was found in paying quantities in any one well, the consideration for that well was to be $200 per year, payable quarterly. The defendant gave to Mrs. Long the privilege of laying pipes for gas for her own use for heat and light of one of her dwelling houses on the place during the term of the lease. Defendant did not hold itself bound to supply the plaintiff with gas if not found in quantities sufficient.
The defendant did not drill at all and made no attempt to drill.
The land is described as aggregating 2,020 acres in area.
Defendant claims to have complied with its obligation.
Plaintiff urged that the contract is void for want of consideration; that the amount of 10 cents per acre, payable quarterly, is insufficient and inadequate; also the payment of $1 for conveying the rights, whatever rights were conveyed, as above mentioned. Plaintiff urged that, under the contract, defendant was not bound to pay anything or perform any obligation. That the Sun Company has the right upon mere notice to cancel the contract at any time after the 12 months from the date of the contract, without paying any amount for the right to annul the lease. That such a condition is a mere nudum pactum. That the contract taken as a whole contains a potestative condition not binding upon the parties. That the defendant obtained these asserted rights without having accomplished anything. The plaintiff also urged that defendant remained indifferent, and took the chances of others developing oil on adjacent tracts and upon that result then to explore plaintiff’s land. That plaintiff’s land had value as an oil field'.. Plaintiff also urged that the contract has. no limit except to the extent that the Sun, Company might choose. It appears that Mrs. Long remained with no rights as relates, to the term of the lease except by notifying the defendant for 36 months, and at the end of those 36 months she was to wait another 36 months before the expiration of the contract, which, in other words, was a delay of six years; that is, three years’ notice and three years to wait after giving notice.
[1,2] Relative to the asserted sale: The word “sale” is used in the deed to denote that some of the rights transferred are to be considered as1 forming part of a sale. In reality there was no sale of anything, for it has been repeatedly decided that the price of $1 is not a sale, confers no right or title; amounts to nothing.
It would be different were it a sale for sufficient consideration, for one who is a vendee of land and has paid for it can do with it as he likes; he exercises over it complete dominion.
[3] As there was no sale, we have to consider the contract in so far as it was a lease. It is well understood that sales and leases are to be considered from different points of view. The consideration for the one does not affect the consideration for the other. The lease, taking the issues as they now appear to us, was a mere name for delay. The purpose on the part of the lessee was delay and not to explore the land, unless it appeared by the exploration of other lands adjacent that it would be profitable. The lessee who binds himself to explore the land for oil or gas must perform that which he has bound himself to do — that is, bore for oil or for gas — and, if mere delay was the purpose, there should be no doubt about the sufficiency of the consideration for the delay. It should not be the matter of a mere speculation for an independent amount. The defendant promised to drill and to bore for oil *606 and to pay a proportionate part of the oil, to wit, one-eighth. That condition is imperative and cannot be entirely neglected and ignored in a contract having no further consideration than expressed here without endangering the life of the whole contract.
Now as to time:
The defendant at its will and pleasure can withdraw at the end of 12 months1, but the plaintiff is sent to the Greek Kalendar before it is possible for her to assert the rights of terminating the lease. Plaintiff is placed at a great disadvantage. She loses the royalty of one-eighth of the oil; besides, her land remains unexplored. The royalty, as we take it, was1 the chief object for executing the lease. After a year it remained to defendant alone to determine whether it would continue with the lease, and the length of time it would choose to let everything remain in abeyance.
There was not sufficient consideration. Mineral drilling contracts optional as to one of the parties are optional as to the other. The defendant by retaining options without consideration left the plaintiff with the right of also asserting the termination of the contract. The contract was terminated by plaintiff by her refusal to accept from defendant the sum tendered as there was not a mutuality of obligation.
The defendant could say at the end of the year or at any time thereafter I shall “do” as I please, but to plaintiff he can say, “Continue bound for years,” provided, however, she gave notice of not less than three years which was to be followed by another delay of three years. This is waiting almost an interminable time. Payment of $1 to cancel the lease is insignificant It is true that in the contract it is stated that the payment is a valuable consideration, and to be held and deemed as such. This is a mere expression, and adds nothing to the want of consideration. Such a want cannot be supplied by mere declaration. We think that the contract contains a potestative condition. That one cannot retain absolute control, as the defendant attempted to do, without being subject to the possibility of meeting with the objection that the contract is potestative. It was a matter of will with the agents and officers of the defendant. On the other hand, plaintiff remained bound. She has no right to anything save the paltry amount before mentioned. She has to wait years and sit idly by and possibly lose thousands of dollars. As to plaintiff and his interests it was virtually an impossibility to annul the contract.
We insert the following paragraph of the contract, which shows that the condition was potestative:
■ “Eighth. For and in consideration of the obligations entered into by the defendant and the payment of said one dollar the option is granted to defendant to cancel the lease at any time after the expiration of twelve months by giving notice to plaintiff, and the party of the first part agrees that this one dollar is a valuable consideration deemed sufficient for the options, rights and privileges granted and to be so construed.”
The construction contended for cannot he given, for the amount for terminating it as thus declared is too insignificant.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.
PROVO STX, J., takes no part, not having heard the argument.