BREAUX, C. J.
This suit was brought to cancel a mineral lease or contract. The contracting parties are the plaintiffs, owners of two tracts of land in the parish of Caddo, and defendant, an oil company operating in the oil fields in that parish. Defendant is the contractee or lessee.
The plaintiffs, for a consideration of $20 and the royalties of the oil produced, granted to the Producers’ Oil Company (the defendant) the exclusive right of exploiting for oil an^ gas 66 acres of their land, fully described in the act of lease and in plaintiffs’ petition. In addition, plaintiffs were to receive a royalty of one-eighth of all the oil produced on the land under 200 barrels per day, and over that number of barrels one-sixth. For each gas well the compensation of $100 per annum, “from which gas is used off the premises,” quoting from the contract.
The following is a stipulation of the lease, of some importance in that the grantee obligated itself to begin drilling within a stipulated time and to continue the work of drilling with diligence to its completion.
On the other hand, in case of failure to drill, the grantee obligated itself to pay plaintiffs, grantors, as liquidated damages, the sum of $20; besides the lease was to be considered at an end, null, and void.
The following is a special clause of the contract:
*675 “If oil, gas, coal, water and other minerals be found in paying quantities, but, none the less, if the grantee discontinued the work or failed to develop the oil wells, it was to be held to have abandoned all the lands leased except ten acres in a square to be held by the grantee for twenty-five years and over in the event of oil, gas, water or other minerals produced in paying quantities.”
The following is a paraphrase of the sixth clause of the contract: In'case the grantee discovered either oil or gas or other minerals within the time stipulated, the conveyance then to be in effect for 20 years from the discovery, and as much longer as minerals are produced in paying quantities.
The parties stipulated, for some reason, we assume, that this contract was to be considered in the light of a conveyance for the purpose mentioned.
Plaintiffs’ contention is: That there was abandonment of the contract by the defendant whereby it lost its rights. That the well was not operated, and the work was neglected. That there were other tracts of land ceased in this contract. That there was no development of the second tract, nor the third tract, nor the fourth tract, and that as to the first tract the development was very little, if anything. That only two wells had been drilled They are 40v feet apart. One produces oil and the other gas. Neither is operated. The plaintiffs, in view of this failure to drill for oil, asked defendant’s managers to agree with them in order to terminate the lease, which was of benefit to no one. '
Plaintiffs complained of the loss they incurred because their lands were being drained all this time by other companies at work on adjacent lands. That the defendant company itself had owned several of these wells, and it also was benefited by drainage to the loss and damage of plaintiffs.
Plaintiffs urge that seven wells should have been drilled; that the contract was entered into in September, 1907, and many years for profitable work were permitted to pass and only two wells, which in the end proved unprofitable, were drilled; that the absolute abandonment commenced at least two years before this suit was instituted.
The plaintiffs claim a large amount, over $80,000, damages, caused to them by the neglect of the defendant to drill in accordance with the terms of the contract.
The defendant sought to -meet plaintiffs’ complaint by alleging that the two wells had produced considerable oil, of which plaintiffs had received their share; that in time they ceased to be productive; and that in consequence the work was temporarily abandoned.
As relates to the large amount claimed by plaintiffs for damages, the defendant answers that the $20, according to the agreement, represented the stipulated liquidating damages ; that plaintiffs are entitled to no more damages, as the amount is limited to the sum just stated by the contract.
Defendant also alleged in substance that plaintiffs did not sustain their action because they had failed to allege that a tender had been made of the $20 mentioned by them as having been paid, and also by failure to tender the royalty paid by it. The plaintiffs did not prove that they had offered to pay these amounts. In other words, that it (defendant) should have been placed in mora.
The defendant alleged that it ceased temporarily to continue in operating the wells because they were no longer producers of gas or oil.
The defendant, in case the contract be annulled, claims the 10 acres of land in accordance with one of the stipulations of the contract. In addition the defendant states in substance that the violation of the contract (if there was any violation) was passive; that the claim for damages is too remote, speculative, and unaseertainable; and *677 reiterates that the damages cannot exceed $20.
The case was tried before a jury, the lease was annulled, and damages awarded to the amount of $4,250.
Defendant prosecutes this appeal.
[1] Want of tender is a defense presented preliminarily.
The averment is not sustained. The allegations of plaintiffs’ petition recited facts needful for the purpose of the suit, while tender was not alleged; the general terms in which plaintiffs averred their demand may be considered as including a want of tender. Conceding that the petition was not as full and complete as it should have been, the evidence was admitted without the least objection. It proved all the facts, including all that related to tender. Under the rule that evidence, germane to the issue, admitted without objection, may be considered, and the issues it presents considered and decided, although not alleged with any degree of particularity, the question of tender is before us and will be decided.
We have taken the view most favorable to defendant in regard to tender. Really there was allegation sufficient upon that subject. Petitioners aver that they - have complied with their obligation, but that defendant company has not. Again petitioners show that they have urged and pleaded with the company to continue the development of the premises, and, upon their failure and refusal to do so, asked a cancellation of the lease, which the said company has also refused.
The district judge gaye the question of tender careful consideration and ruled that there was tender.
As to the $20 paid as a consideration for the sale:
The amount is not sufficiently large to be considered as sufficient to affect the purchase of valuable property or to become the lessee of valuable mineral rights.
The court held that $1 is not a price where it is grossly inadequate. Long v. Sun Co., 132 La. 601, 61 South. 684.
Similar view is expressed in Martel v. Jennings-Heywood Co., 114 La. 351, 38 South. 253, also in another case in which oil was the res (Jennings v. Houssiere-Latrelle, 119 La. 851, 44 South. 481).
And recently again in Berl v. Kehoe, 130 La. 1023, 58 South. 864.
And lastly Murray v. Barnhart, 117 La. 1023, 42 South. 489.
The contention was that the defendants were to blame if more oil had not been produced ; that, had they continued to develop the land, the result would have been different. We do not consider it necessary to dwell further on this point.
They recite at some length facts in this connection and seek to fix neglect, unwillingness, if not bad faith, in this respect.
We will not stop more than a 'moment to consider that point.
[2] It is sufficient, as we think, to consider that the land had ceased to be unproductive and that defendant had abandoned the work. The defendant in the next place contends for ten acres of land around each well under the clause of the contract which reads:
“If oil, gas, coal, water or other minerals shall be found on said premises in paying quantities and said grantee should conclude thereafter to discontinue developments, or should fail to continue developing said property with due diligence, the grantee shall forfeit all such lands hereinabove described, except ten acres taken in a square, which said square shall be held by grantee for the full period of twenty years and as long thereafter'as oil, gas, water or other minerals may be produced therefrom in paying quantities.”
The condition of the-grant has not arisen,- and the consideration does not exist, for it was made to depend upon finding oil in paying quantities and upon defendant continuing in exploiting the property. That we here noted has not been done.
*679 [3] The sixth clause meets with similar unanswerable objection; this clause reads:
“In case the grantee, his successors and assigns, should sink a well or shaft and discover either oil or gas or other minerals within the limit of the time herein provided for, then this conveyance shall he in full force and effect for twenty years from the discovery of the said products and as much longer as minerals are produced in paying quantities.”
This clause also must be made to depend upon continuous operation under the lease. The grantee cannot be heard to ask for consideration or part consideration of the lease in the face of the fact that it has not given a quid pro quo.
It has not earned, by its own labor, the right to continue the lease for 20 years.
[4] Relative to consideration vel non:
At the date suit was instituted there was no consideration. Defendant has obligated itself to “exploit.” That was the only consideration; it had practically abandoned the exploiting work. There was, in consequence, nothing to which plaintiffs could look to for a return to them on the contract.
There was no development.
A similar question was decided in Murray v. Barnhart, 117 La. 1023, 42 South. 489, and Long v. Sun Co., 132 La. 601, 61 South. 684.
It stands to reason that, as the main purpose was to drill for oil and to continue in drilling for oil, as there was no more oil produced the lease was at an end.
As to the duty of the lessee:
The Civil Code has defined duty. Article 2710.
The acts of the defendant in performing its part do not measure up to the requirements of the Code.
Commentators have sought to define the performance of duty in matter of oil enterprises.
Thornton on Oil & Gas, § 97, says every gas or oil lease contains an implied condition that the lessee will use reasonable diligence in operating the premises after they have been developed.
We have not found reasonable diligence in this instance.
Furthermore, in Thornton, § 11, we read; It is an implied condition of every lease of land for the production of oil therefrom that, when the existence of oil in paying quantities is made apparent, the lessee shall put down as many wells as may be reasonably necessary to secure the oil for the common advantage of both lessor and lessee.
Here there was no oil in paying quantities, and not much concern was shown in the endeavor to find oil. The two wells drilled by defendant have ceased to produce, and no effort was made to obtain further production. The lessee’s right must be held to have terminated by abandonment.
[5] The amount of the damages:
Plaintiffs ask that it be not changed.
Plaintiffs alleged in their petition that they were entitled to $88,000. Now they are willing to accept the sum of four thousand and odd dollars in satisfaction of all demand for damages.
Plaintiffs evidently wereCnoj) very certain as to the amount they should claim.
The witnesses were equally as uncertain.
The damages are not proven; they are speculative and conjectural, mere theories.
There must be something shown rendering it reasonably evident that the amount, allowed rests upon a certain basis.
In the following decision the court did not allow conjectural and excessive damages: Lake Drummond Canal Co. v. West End, 142 Fed. 41, 73 C. C. A. 227.
The question of damages arising from the breach of a contract was considered in the following decisions: Schlieder v. Dielman, 44 La. Ann. 462, 10 South. 934, and decisions cited; Harrison v. Railroad, 28 La. Ann. 777 ; Dorricourt v. Lacroix, 29 Ann. 286; Bohm v. Cleaver, 25 La. Ann. 419. Vague and in *681 definite results are not sufficient to allow damages. Dwyer Bros. v. Adm’r, of Tulane, 47 La. Ann. 1234, 17 South. 796.
■ The damages to be recovered should be susceptible of proof. American Surety Co. v. Woods, 105 Fed. 741, 45 C. C. A. 282, affirmed in 106 Fed. 263, 45 C. C. A. 282.
It is not held that the loss was not susceptible of proof, only that the amount due for damages was not proven.
[6] Defendant objected to the testimony of the husband after the testimony had been admitted. The husband testified that he was the agent of his wife; after the testimony had been taken, the -defendant moved to strike it out from the record.
The objection came too late, as to the latter; besides it does not materially affect the issues.
For reasons stated, the judgment of the district court is amended by striking therefrom amount allowed for damages; as amended, the judgment is affirmed at appellees’ costs.