Alleging that defendant had not developed their lands with due diligence, plaintiffs filed suit to cancel an oil and gas lease covering 320 acres of land owned by them in DeSoto Parish, Louisiana. The petition set forth that six wells had been drilled on the premises and that two of them were producers; that notwithstanding their demands upon defendant for further development, no additional wells had been drilled since September, 1946. Plaintiffs asked that the lease be cancelled except as to ten acres surrounding each producing well and that they be awarded damages and attorney's fees.
The case is before us on an appeal by plaintiffs from a judgment of the District Court sustaining defendant's exception of no cause of action.
The lease was executed on May 3, 1945 for a primary term of ten years, and covered the South Half of Section 27, Township 14 North, Range 13 West in DeSoto Parish.
Paragraph 3 of the petition set forth that there had been drilled "on said lands in all six wells;" that only two were completed as producers, both being situated in the South Half of the Southeast Quarter of the Southwest Quarter.
Paragraph 4 of the petition set forth; "Petitioners further show that the well drilled in the SE corner of the SE 1/4 of said Sec. 27 had a showing of oil and the indications were that a commercial well could have been completed, but same was never completed as a producer, but instead of completing or offsetting this well another attempt was made some 660 feet due north but without success."
The petition stated no other facts as to where the remaining wells were drilled and contained no allegations as to production upon adjacent lands or other facts to show that the drilling of the four non-producing wells was not a sufficient testing of plaintiffs' premises.
Paragraph 5 of the lease, regarding offset wells, reads as follows: "In the event a well or wells producing oil or gas in paying quantities should be brought in on adjacent *Page 386 
land and draining the leased premises, lessee agrees to drill such offset wells as a reasonably prudent operator would drill under the same or similar circumstances."
The petition contains no allegation that specific wells producing oil and gas in paying quantities have been brought in on adjacent lands.
The lease is still in its primary term and will be subject to cancellation only in the event that the plaintiffs should allege and prove a state of facts that would justify the Court in holding that the defendant had neglected its duty to operate and develop the leased premises to the mutual advantage of both parties to the contract.
In the case of Louisiana Gas Lands, Inc., v. Burrow et al.,197 La. 275, 1 So.2d 518, 521, the Supreme Court of Louisiana sustained an exception of no cause of action to a petition similar in nature to the one now before us. We quote from that opinion:
"The rule which imposes the implied obligation upon a lessee to operate the leased premises to the mutual profit and advantage of both parties to the contract can not be invoked so as to erase entirely from the contract those provisions which expressly declare that the lessee's rights shall continue so long as gas is produced in paying quantities. * * *
"It is true the petition contains the allegation that 'defendant has willfully and deliberately neglected and refused to pull and produce the gas from petitioner's wells in paying quantities.' But that allegation represents only a conclusion of the pleader * * *."
The plaintiffs have not alleged facts showing that the six wells drilled did not constitute a reasonable development of the premises and have not alleged the drilling of producing wells on adjacent lands that would form the basis of the charge that defendant had failed to drill offset wells. The general allegations of the petition that six wells have been drilled, of which two are producing oil, does not form a sufficient foundation to state a cause of action and petitioners' conclusion in paragraph 8 "that the said lease has not been developed with reasonable diligence" does not state a cause of action. Louisiana Gas Lands, Inc., v. Burrow, supra. Hart v. Standard Oil Company, 168 La. 183, 121 So. 737.
Plaintiffs cite two cases. The first is Stubbs et al. v. Imperial Oil Gas Products Co., 164 La. 689, 690, 114 So. 595. It is distinguishable from the case at bar in that the lessee had drilled only one well and was holding under lease a tract containing nearly 1,200 acres of land.
The second case, Brown et al. v. Producers' Oil Company,134 La. 672, 64 So. 674, was decided in 1914. The judgment ending the lease was based upon the fact that the defendant, though obligated to "exploit" as the only consideration of the lease, had ceased to operate the two wells drilled. The Court, 134 La. at page 680, 64 So. at page 677, concluded: "The lessee's right must be held to have terminated by abandonment." The present case does not, in our opinion, present a similar issue.
The judgment is affirmed, with costs.