PONDER, Justice.
The plaintiff brought suit seeking to recover the amount of $2,004.51 as alleged damages occasioned by the issuance of a temporary restraining order at the instance of the defendant. The lower court gave judgment in favor of the plaintiff in the sum of $1,704.57 and the defendant has appealed.
It appears that the defendant previously brought suit to enjoin the plaintiff from paving a certain street and sidewalk in Metairie adjoining the defendant’s property and asked for the issuance of a temporary restraining order and for a rule to show cause why a preliminary injunction should not issue. In pursuance to defendant’s petition, the lower court issued a temporary restraining order and a rule commanding the plaintiff to show cause why a preliminary injunction should not issue. On-hearing of the rule, the lower court re *571 jected the defendant’s demand and dismissed his suit. The plaintiff is now seeking to recover damages occasioned by the issuance of the temporary restraining order.
The plaintiff alleges in his petition that he has suffered damages in the amount of $1,504.57, occasioned by the issuance of the temporary restraining order and $500, ■attorney’s fees. The trial court gave judgment allowing damages in the amount of $1,504.57 and $200 for attorney’s fees.
The defendant concedes that the plaintiff is entitled to the actual damages occasioned by the issuance of the temporary restraining order but contends that the award of the lower court is excessive in that it allowed attorney’s fees and damages for .Saturdays and Sundays, non-work days, ■and for rental on the equipment.
Attorney's fees are not allowed for the dissolution of a temporary restraining order where the expense of the attorney’s fee is not incurred exclusively for dissolving the temporary order and since, in this case, the temporary restraining order was dissolved as a consequence of the rejection of the defendant’s demand and the dismissal of his suit, attorney’s fees ■are not allowable. Department of Conservation v. Reardon, 200 La. 491, 8 So.2d 353, and numerous authorities cited therein.
It appears that a portion of the award for damages was predicated on rates fixed in the Contractor’s Green Book containing a schedule of rental charges for equipment used by contractors. The rental rates fixed in the Green Book are based on an estimate of amortization, maintenance, upkeep, taxes, insurance, and depreciation of equipment when idle. The estimates are based on a seven-day week and represent an estimate of the initial capital investment, maintenance and upkeep of the equipment.
The difficulty arising from the rental charges is whether they are actual damages or merely speculative. It would appear to us that these estimates are not sufficient to prove actual damages as contemplated in law. Only actual damages are allowable and they must be established by competent proof. Actual damages cannot be established by remote and conjectural estimates of loss. Gray, Macmurdo & Co. v. Lowe & Pattison, 11 La.Ann. 391; Elms v. Wright-Blodgett Co., 106 La. 19, 30 So. 315; Brown v. Producers’ Oil Co., 134 La. 672, 64 So. 674.
The undisputed evidence shows that the plaintiff was damaged in the amount of $295.61 for the regrading and redressing of the street and the cost of removal and return of certain equipment to the site. The necessity for the regrading and redressing of the street was brought about by the temporary restraining order and the plaintiff is certainly entitled to recover the cost of same. This is also true with regard to the removal and return of the equipment. There is in the record an instrument purporting to be an estimate *573 of the damages wherein we find “Ins. S. S., etc. @ 10% — $24.06 and plus 15% (spec.) —$47.95” but there is no testimony explaining what these charges represent and we are in no position to say whether they are allowable or not.
For the reasons assigned, the judgment of the lower court is amended so as to award the plaintiff $295.61 and as thus amended the judgment is affirmed. Costs of this appeal to be paid by plaintiff-appellee.
FOURNET, C. J., and MOISE, J., absent.