182 So.2d 752 (1966)
CENTRAL LOUISIANA ELECTRIC COMPANY, Inc., Plaintiff-Appellant,
v.
POINTE COUPEE ELECTRIC MEMBERSHIP CORPORATION and Hartford Accident and Indemnity Company, Defendants-Appellees.
No. 6532.
Court of Appeal of Louisiana, First Circuit.
January 24, 1966.
Rehearing Denied February 28, 1966.
*754 William O. Bonin, of Landry, Watkins, Cousin & Bonin, New Iberia, for appellant.
John Schwab, of Theo. F. Cangelosi, Baton Rouge, Jewell & Jewell, New Roads, Robert L. Cangelosi, Baton Rouge, for appellees.
Before ELLIS, LANDRY, REID, BAILES, and F. S. ELLIS, JJ.
ELLIS, Judge.
In La.App., 140 So.2d 683, this court rendered judgment in favor of Central Louisiana Electric Company, hereinafter designated CLECO, and against Pointe Coupee Electric Membership Corporation, hereinafter designated Pointe Coupee, setting aside a preliminary injunction obtained by Pointe Coupee in the lower court. In our written opinion the right of CLECO to sue Pointe Coupee for damages resulting from the wrongful use of the injunctive process was specifically reserved. The instant litigation was instituted by CLECO seeking $49,432.00 in lost revenue and an additional $6443.67 as attorneys fees and legal expenses in connection with the temporary restraining order and preliminary injunction. Judgment is also sought against Hartford Accident and Indemnity Company in the sum of $3000.00, the amount of the bond in the injunction proceeding.
Pointe Coupee filed exceptions of no right or cause of action, prematurity and an exception to the jurisdiction ratione materiae. Pointe Coupee also filed an answer and reconventional demand claiming damages for trespass.
CLECO filed a motion to strike portions of the answer, an exception of vagueness, and an exception of prescription as to the reconventional demand.
The lower court overruled Pointe Coupee's exceptions of prematurity and jurisdiction ratione materiae, overruled CLECO's exception of vagueness, and denied its motion to strike. The exception of prescription as to the reconventional demand was sustained and the reconventional demand dismissed. The lower court also sustained the exceptions of no right or cause of action and dismissed CLECO's suit. This appeal followed and was answered by Pointe Coupee, complaining that its exceptions of jurisdiction and prematurity should not have been overruled, nor should CLECO's exception of prescription have been maintained.
The exceptions filed by appellee state that they are based on the following particulars:
"The Louisiana Court of Appeal, First Circuit, has held that the Court does not have jurisdiction over the controversy involved in the original *755 suit filed by Pointe Coupee Electric Membership Corporation against the plaintiff but that the Louisiana Public Service Commission has exclusive jurisdiction; therefore, until the Louisiana Public Service Commission has accepted jurisdiction of the controversy and made a decision therein, and said decision has become final, this Honorable Court has no jurisdiction of plaintiff's suit. That plaintiff has failed to bring the controversy before the Louisiana Public Service Commission and, therefore, plaintiff has no right of action, no cause of action, its suit is premature, and this Court is without jurisdiction ratione materiae."
Counsel for Pointe Coupee argues in brief that:
"* * * a suit seeking damages that can only be proved by speculation, conjecture, estimate, and assumption is properly and effectively dismissed upon a peremptory exception."
This is certainly true, but in dismissing suits for damages on an exception of no cause of action based on impossibility of proof, courts must be careful to distinguish between a case in which the damage itself is speculative and one where the damage is real and certain but the amount due the injured party is speculative. It is this distinction which prevails between the cases cited by plaintiff and defendant to support their respective positions.
Pointe Coupee has referred this court to five principal cases on this subject. Greenwood County v. Duke Power Co., 107 F.2d 484, 131 A.L.R. 870 (C.A.4, 1939) cert. den. 309 U.S. 667, 60 S.Ct. 608, 84 L.Ed. 1014; A. N. Goldberg, Inc. v. Delerno, 225 La. 568, 73 So.2d 464; Spencer v. Luckenbach Gulf S. S. Co. Inc., 197 La. 652, 2 So.2d 53; McCoy v. Arkansas Natural Gas Co., 175 La. 487, 143 So. 383, 85 A.L.R. 1147; and Cust v. Item Co., 200 La. 515, 8 So.2d 361.
The Greenwood case is practically identical with the instant case insofar as its initial procedural history is concerned. However, Greenwood County was not, at the time the injunction was wrongfully obtained, in the business of generating, distributing or selling electric energy. The Court of Appeals said 107 F.2d at page 488:
"* * * it conclusively appears upon the face of the record that the county is not in position to establish its own loss of any of the profits alleged to have been made by the power company. In the first place, it had no established business upon which profits could be predicated. * * * And even if the money had been made available, it was entirely conjectural as to when the project would be completed and as to whether it would then earn a profit. It is well settled that profits from a business contemplated but not established are too remote and speculative to form the basis of an award of damages. Howard v. Stilwell & Bierce Mfg. Co., 139 U.S. 199, 206, 11 S.Ct. 500, 35 L.Ed. 147; Bird v. Western Union Tel. Co., 76 S.C. 345, 56 S.E. 973. And the same considerations which underlie that rule forbid that such profits should be considered as the basis of loss upon an application for restitution. If restitution is to be made to the county, it must be restitution of profits which the county has lost by reason of the injunctive orders; but, as such profits are purely speculative and conjectural, no one can say with sufficient certainty what they would have been to order their restitution."
Therefore, the Greenwood case involved a situation where not only was the dollar value of the lost profit speculative, but the very fact of profit vel non was speculative. The Greenwood case is inapplicable to the instant case in that here we are dealing with an established public *756 utility which sought to construct a single new line to serve a single customer. Whether or not there would have been a profit from that customer is certainly a question of fact and while the proof may be difficult, it certainly cannot be said to be impossible as a matter of law.
In Goldberg a contractor sought damages against a defendant who had wrongfully used the injunctive process. An element of the damages claimed was for "rental" of the equipment. Plaintiff sought to prove the damage by use of the estimates as to capital investment, maintenance, and depreciation taken from the "Contractors' Green Book". The case does not indicate whether the contractor actually paid rent for the equipment or whether he owned the equipment and merely sought to collect a fair rental value for the period his equipment lay idle. Evidently the equipment belonged to the contractor for otherwise the contractor could easily have shown the actual rent paid by him. Rejected as speculative was the fact of loss.
The Spencer case involved a situation where the court was not impressed with plaintiff's argument that the loss bore any causal relationship to the defendant's actions. Plaintiff labor union sought to collect damages for loss of union dues from union members because of the breach of a labor contract by the defendant employer. The court found that the labor contract did not involve the right of the union to collect dues from its members and that any such collections or lack thereof was matter between the union and its members. Thus, the loss to the union could not be attributed to the defendant's actions.
In the McCoy case, all of the property owners for a radius of one mile from an uncapped gas well sought damages against defendant for negligently allowing the gas to escape for 1165 days. The recovery was denied, not because the dollar amount was speculative, but because the fact of loss was speculative. The landowner does not own the minerals beneath the ground, but has only the right to search for them and to reduce them to possession. Whether or not plaintiffs would have done this was a matter of speculation.
"* * * the loss complained of, was, manifestly, more a matter of uncertainty and speculation than of fact or estimate."
The last case cited by defendant in this regard is Cust v. Item Co. That case involved a claim for damages for inducing the breach of a contract. Some of the items of damage, medical expenses, training personnel, etc., "* * * resulted from causes which (the court) consider(ed) too remote * * *" The court found that loss of customers was not proven to be a loss at all because there was no assurance that the customers would continue patronizing the business for any given period of time. Thus, the existence of the loss was provable only by speculation and recovery was properly denied.
Appellant has cited several cases which we believe are applicable and controlling on the point here involved.
Scheinuk the Florist, Inc. v. Southern Bell Telephone and Telegraph Company, La. App., 128 So.2d 683, and Loridans v. Southern Bell Telephone and Telegraph Company, La.App., 172 So.2d 323, both involve successful suits by plaintiffs whose names had been carelessly omitted from the telephone directory. The Court was convinced that the loss to the business in each case was real and not a matter of speculation. The dollar value of that loss, however, was clearly a matter of speculation. The court succinctly enunciated the distinction 128 So.2d on page 686 with the following language:
"Hence, we are not considering a case where doubt and uncertainty exist that the plaintiff had been damaged; on the contrary, there is a certainty of damage, but the proof thereof that the law requires is much less certain."
See also Jenkins v. Audubon Insurance Company, La.App., 110 So.2d 221.
*757 The jurisprudence of this state is to the effect that where the fact of loss is itself speculative and based wholly on conjecture, an exception of no cause of action will properly lie. However, when the fact of loss is certain, or where it is at least provable by suitable evidence, an exception of no cause of action will not lie. In no case will an exception of no cause of action lie where the fact of loss is certain or provable and only the dollar value of the loss must be arrived at through conjecture and speculation. In this latter case, the rationale of Article 1934(3) of the Louisiana Civil Code may be invoked to grant the trial judge wide discretion in fixing damages.
In the instant case, the fact of loss would seem to be provable, though perhaps difficult.
Plaintiff alleges in Article 5 that:
"* * * Brown and Root, Inc. did in fact manifest its intention to purchase from petitioner its electric energy requirements for the project."
Certainly, this is provable by the testimony of the parties involved in the negotiation. Whether or not the service to Brown and Root, Inc., would have resulted in a profit could be proven with reasonable certainty by comparing the cost of supplying the electric energy with the gross revenue derived from that particular customer. It would appear that this could be done with considerable mathematical accuracy at this time inasmuch as the project has been completed and the amount of electricity consumed definitely ascertainable.
Accordingly, the trial judge was in error in sustaining appellee's exception of no right or cause of action as to lost future profit and this case should be remanded to the lower court for trial on the merits.
The next question presented is whether or not plaintiff has stated a cause of action for attorneys fees. The general rule in existence prior to the adoption of the Code of Civil Procedure was clear and is to be found in the cases of Department of Conservation v. Reardon, 200 La. 491, 8 So.2d 353, and Vinson v. Picolo, La.App., 15 So.2d 778.
Quoting from the Reardon opinion we find the following language at page 355:
"Attorneys' fees are not allowed for the dissolving of a temporary restraining order or a conservatory writ where the expense of the attorney's fee is not incurred exclusively for dissolving the temporary restraining order or the conservatory writ; hence a defendant's attorney's fee is not allowable when a restraining order or conservatory writ is dissolved as a mere consequence of a rejection of the plaintiff's demand, or dismissal of his suit."
In the case giving rise to this suit for damages, Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company, Inc., La.App., 140 So.2d 683, the conservatory writ was dissolved not as a consequence of the rejection of the plaintiff's demands but on the basis that the court was without jurisdiction over the subject matter of the case. In that case, Central Louisiana Electric Company filed an exception to the jurisdiction and moved to dissolve the temporary restraining order on the basis of that exception. The trial court refused to entertain the motion to dissolve in advance of the trial on the rule for a preliminary injunction. Under these circumstances we are of the opinion that the plaintiff has stated a cause of action for attorneys fees and that this case should be remanded to the lower court for trial on the merits.
The action of the lower court with respect to the exceptions of prematurity, jurisdiction, and prescription, and the motion to strike was entirely proper. The exception of prematurity was grounded in the fact that the Louisiana Public Service *758 Commission had not made a decision on the merits of the controversy existing between the parties. A suit for damages for the wrongful issuance of a temporary restraining order is not dependent upon the ultimate merits of the case.
Likewise, the trial court properly overruled Pointe Coupee's exception to the jurisdiction. The Louisiana Public Service Commission has no authority to render a money judgment for damages. That is within the jurisdiction of the district courts. Article 6 Section 4 La.Const. Morrison Cafeteria of Louisiana v. Louisiana Public Service Commission, 181 La. 932, 160 So. 634.
The trespass giving rise to Pointe Coupee's reconventional demand was alleged to have occurred in 1959. The reconventional demand was not filed until April 19, 1963. Coming more than one year after the date of the alleged tort, it is too late.
Plaintiff's motion to strike was overruled by the lower court. Though the ruling was interlocutory in nature and not ordinarily reviewable by this court prior to a trial on the merits, we have been requested by counsel for CLECO to express an opinion thereon so that the trial on the merits might possibly be limited. The motion to strike was directed to certain portions of Pointe Coupee's answer which, in effect, alleged that CLECO did not have a legal right to serve Brown and Root, Inc. It appears that evidence of this nature would be admissible to refute CLECO's claim that it would in fact have served Brown and Root, Inc. For if CLECO did not have a legal right to do so, certainly they could have been enjoined by the Louisiana Public Service Commission. They would not, in that circumstance, have realized any income from their proposed contract with Brown and Root, Inc.
Judgment reversed in part, affirmed in part and remanded.