DOMENGEAUX, Judge.
Gulf States Utilities Company filed this action in quantum meruit against Delcam-bre Telephone Company, Inc. for compensation for Delcambre Telephone’s use of its utility poles during the years 1985-1986. Delcambre Telephone appeals an $8,306.00 judgment in Gulf States’ favor.
This litigation — the fifth such suit filed by Gulf States against Delcambre Telephone — is part of a thirty year dispute between these parties concerning the charges owed by each company for the right to hang, or to “contact”, its utility wires onto the other company’s poles. Except for the years involved, the instant case presents substantially the same facts and legal issues considered by this court in Gulf States Utilities Company v. Delcambre Telephone Company, 527 So.2d 45 (La. App. 3d Cir.1988), writ denied, 528 So.2d 154 (La.1988). In that opinion, we affirmed an award of $24,890.00 to Gulf States for the use of its poles during the years 1972-1984.
The parties herein admitted into evidence the transcripts and records of all previous trials, after stipulating that there would have been no change in testimony had the witnesses from the 1986 trial testified in this case. The only other evidence presented at trial were affidavits submitted by each party concerning the number of. “contacts,” or poles, involved. The trial judge accepted Gulf States’ pole count, and rendered judgment in its favor for $8,306.00.
In addition to the arguments that were rejected in its earlier appeal, Delcambre Telephone raises one new legal question. It argues that recovery under the theory of quantum meruit is improper in this case *614 because Gulf States has an adequate remedy at law, specifically, an administrative remedy before the Louisiana Public Service Commission.
This question, however, is controlled by our prior holding that the Public Service Commission does not have jurisdiction over this matter. See, Gulf States, supra. That conclusion was based on the established principle that the Public Service Commission does not have the authority to grant a money judgment, the relief sought by Gulf States in this suit. See, Morrison Cafeteria of Louisiana, Inc. v. Louisiana Public Service Commission, et al., 181 La. 932, 160 So. 634 (1935); Central Louisiana Electric Company, Inc. v. Pointe Coupee Electric Membership Corp., 182 So.2d 752 (La.App. 1st Cir.1966); Louisiana Power & Light Company v. White, 302 So.2d 358 (La.App. 4th Cir.1974), writ denied, 309 So.2d 338 (La.1975). Gulf States cannot be expected to pursue an administrative remedy before a forum which lacks subject matter jurisdiction. Accordingly, we reject appellant’s argument.
The only remaining issue is the accuracy of the amount awarded by the trial judge. The parties stipulated that the Public Service Commission established the following rates to be charged for each contact during the years in dispute:
1985 — $5.00 per net contact
1986 — $5.50 per net contact
They were, however, unable to agree on the number of contacts involved. The trial judge ultimately accepted the report of Gulf States’ expert, Phillip B. Clerc, who concluded that Delcambre Telephone’s net contacts on Gulf States poles for 1986 to-talled 802. No figures were available for 1985; therefore, the trial judge accepted for that year a 1984 count, also done by Clerc, which showed Delcambre’s net contacts as 779.
In the previous trial, the lower court appointed Clerc as an independent expert when it was unable to reconcile the large discrepancy in the counts presented by each side. In that case, Clerc concluded that Gulf States’ count was valid. Under these circumstances, we cannot conclude that the trial judge was manifestly erroneous in accepting Clerc's figures in the instant case.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.