On Motion to Dismiss.
DAWKINS, J.
Lumberman’s Bank & Trust Company obtained a moneyed judgment of several thousands of dollars against De Ridder Light & Power Company, and issued execution thereon seizing the light and power plant of said defendant. Morgan & Co. intervened and enjoined the .sale, claiming ownership of the property. De Ridder Light & Power Company (hereinafter called the Power Company) made no appearance. Lumberman’s Bank & Trust Company (hereinafter called the Bank) filed a motion to dissolve the injunction upon the ground of the falsity of the allegations of the petition of intervention, pleaded the exception of no cause pf action, alleged the nullity of the transfer of the property by the Power Company to Morgan & Co., and reconvened for damages in the sum of $1,500. Morgan & Co., moved that this pleading be made to stand as an answer, which was denied; the ea^e was tried on its merits, and there was judgment in favor of the Bank, plaintiff in execution, and against Morgan & Co., intervener, dissolving the injunction, and for $750 damages as attorney’s fees against it and the surety on the injunction bond.
The defendant in execution, the Power Company, made no appearance whatever.
A bond for appeal, suspensive and devolutive, was filed by ‘ Morgan & Co., and the transcript timely filed by it in this court.
Counsel for the appellee Bank has moved to dismiss the appeal on the ground that there was no order of appeal in favor of Morgan & Co.
We quote the relevant minutes of the court, as disclosed by the record, as follows:
“April 17, 1922.
“Lumberman’s Bank & Trust Co. v. De Ridder Light & Power Company. No. 1347.
“From Beauregard parish.
“The court, nhaving previously taken this case under advisement, now rendered judgment in favor of plaintiff. See decree. Judgment read and signed.”
“April 18, 1922.
“Lumberman’s Bank & Trust Company v. De Ridder Light & Power Company. No. 1347.
“From Beauregard parish. Counsel for defendant moves for both suspensive and devolutive appeals to the Supreme Court. The court grants the appeals, returnable to the Supreme Court of Louisiana on or before May 30, 1922, upon appellant furnishing bond, if devolutive, in the sum ,of $250, and, if suspensive, in the sum of $14,000.”
“April 25, 1922.
“Lumberman’s Bank & Trust Company v. De Ridder Light & Power Company. No. 1347.
“From Beauregard parish.
“Counsel for Morgan & Company moves the Court to set aside the order of appeal previously granted herein on the ground that the suspensive appeal bond was excessive and not sanctioned by law. Owing to the fact that the suspensive appeal bond in this matter was improvidently fixed at $14,000, the previous order of appeal granted herein is amended by fixing the bond for suspensive appeal at $1,200. To which proceeding Counsel for the Lumberman’s Bank ■& Trust Company objects.”
(Underscoring of words by the court.)
The prayer of tbe petition of intervention and injunction was. for service upon the “plaintiff” and tbe sheriff, and not upon defendant in execution, and it was so served. There were, in reality, therefore, only two parties to the litigation, the Bank, plaintiff in litigation, and Morgan & Co., plaintiff iñ intervention, and each was defendant as to the other as to the demands made against it. As is seen from, the minute entry first above quoted of date April 17, 1922, judgment was rendered “in favor of plaintiff,” the Bank, and the judgment itself reads:
“ * * * That there be judgment in favor of the plaintiff, the Lumberman’s Bank & Trust' Company, and against the intervener, *920 Morgan & Co., Inc., dissolving the injunction issued herein.”
It, the judgment, was also for the sum of $750 against Morgan & Co., and the surety on the injunction bond, for costs, etc., “with reservation of plaintiff’s right to sue for additional damages for additional attorney's fees if this judgment be appealed from.”
There can be no doubt, therefore, that the “plaintiff” referred to in the minutes of April 17th, in whose favor the judgment ran, was the bank, and that the defendant who was condemned was Morgan & Co., reading the minutes and judgment together as they must be. Nor can there be any doubt that the only party cast with tight of appeal was Morgan & Co. Hence when the minute entry of April 18th was made by the clerk showing that “defendant moves for both suspensive and devolutive appeals,” etc., it is perfectly, clear that it was on behalf of the only other party to the suit, Morgan & Co. All question on that point is removed by the minute entry of April 25th, in which “counsel for Morgan & Company moves the court to set aside” the order for 'the suspensive appeal as excessive, and the court reduced the amount of the bond for that appeal to $1,200.
We are clear that the party appealing, as disclosed by the whole record, was Morgan & Co., and that the order was asked for and granted in its behalf. Appellee had -already answered the appeal, and any doubt must be resolved in favor of the appeal.
The motion to dismiss is denied.