(106 So. 556)

No. 26300.

## EVASOVICH v. COGNEVICH et al.

## COGNEVICH et al. v. BLAZIO et al.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Adverse possession ☞40—Prescription; actual possession for more than 30 years gives title by prescription.**

Actual possession by party and her authors in title for more than 30 years gives possessor title by prescription under Civ. Code, art. 3475.

**2. Adverse possession ☞41—Prescription; actual possession for over 10 years, under titles translative of property, gives title by prescription.**

Actual possession by a party and her authors in title in good faith for over 10 years, under titles translative of property, gives possessor title by prescription under Civ. Code, art. 3474.

**3. Adverse possession ☞106(1) — Prescription; title by actual possession for prescriptive period and chain of title from record owner held sufficient to support judgment of specific performance.**

Title by actual possession for statutory prescriptive period, together with chain of title from record owner through various devises, is *held* sufficient to support judgment for specific performance of contract for exchange of property, and hence charge of fraud in making claim of title in such suit was not warranted.

**4. Injunction ☞186(1) — Statutory damages on dissolution of injunction punitive in nature, and not applicable to injunction restraining specific performance of contract.**

Statutory damages of 20 per cent. of value of property to prevailing party on dissolution of injunction authorized by Code Prac. art. 304, are punitive, and statute is to be strictly construed, and is applicable only to injunction restraining the execution of a money judgment, and not to dissolution of an injunction restraining execution of judgment for specific performance of contract.

**5. Injunction ☞186(2)—Allowance of attorney fees not proper, where injunction dissolved after trial on merits.**

Allowance of attorney fees to prevailing party on dissolution of injunction is not proper, where injunction was dissolved as a result of trial of case on merits.

**6. Appeal and error ☞878(6)—Damages not allowed by trial court not allowed on appeal, where party claiming them did not appeal nor file answer to appeal.**

Damages not allowed by trial court to prevailing party cannot be allowed on appeal, where such party did not appeal from judgment, and filed no answer to appeal asking that judgment be amended so as to allow such damages.

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; Leander H. Perez, Judge.

Suit to set aside and enjoin execution of judgments rendered in consolidated suits by Mrs. Anastasia Evasovich, wife of John Cace, against John Cognevich and others, and by John Cognevich and others against Morris Blazio and others. From a judgment for defendants, plaintiffs appeal. Amended and affirmed.

Milton E. Schaefer, of New Orleans, for appellants Cognevich and others.

John R. Perez, of New Orleans, for appellees Blazio and Evasovich.

OVERTON, J. This suit was instituted by John Cognevich and his children, who are the plaintiffs in the petitory action, entitled John Cognevich et al. v. Morris Blazio, and who are the defendants in the suit entitled Mrs. Anastasia Evasovich, Wife of John Cace, v. John Cognevich et al. (No. 25627) 106 So. 550,[1] this day decided, to have the judgments rendered by the trial court in said suits annulled and set aside, and to enjoin the execution of the judgment rendered by said court in the suit last named.

The grounds alleged for annulling these judgments are that they were obtained by fraud and ill practices on the part of Mrs. Cace, who was the successful litigant in those suits.

---

[1] Ante, p. 1019.

The fraud and ill practices alleged, as constituting ground to annul the judgments, are as follows:

"That said Mrs. Cace did institute and prosecute, until final judgment, her suit in this honorable court (the trial court), and which said suit bears the number 2356 of the docket thereof, against John Cognevich et al., the present plaintiffs.

"That said suit is an action, brought to compel specific performance of a 'purported' contract for the exchange of real property, and that by the terms of said 'purported' contract the said Mrs. Cace did allege, aver, and assert, and in the prosecution of her said suit for specific performance did at all times claim and maintain, that she was the sole and only owner of the property which by the terms of said 'purported' contract she was to convey to John Cognevich et al., and did offer evidence of the fact of her ownership thereof, and, without equivocation, did swear to this fact.

"That said suit by Mrs. Cace was a suit 'brought in equity,' and, so being, it was and is her legal duty to enter court without the least taint of fraud or wrongdoing imputable to her as to defendants against whom she seeks to obtain 'equitable' rights.

"That said suit by Mrs. Cace was defended and resisted by the present herein named plaintiffs upon a number of legal grounds, but not upon the ground that said Mrs. Cace was without title to the property which by said 'purported' agreement her action for specific performance was based and founded.

"That as a matter of fact, and further evidenced by a certificate of 'conveyances' and 'mortgages' issued under the hand and seal of Frank J. Lobrano, clerk of the Twenty-Ninth judicial district court and ex officio recorder of conveyances and mortgages for the parish of Placquemines, of date the 28th day of November, 1922, which said certificate is hereto annexed and made part hereof, it appears and is certified to that the property that said Mrs. Cace alleges and claims to be hers, and which she swore in her said suit was hers, and for which she held title, 'good and sufficient,' is the property of one Luke Boubagne.

"That said certificate certifies that said Luke Boubagne has not heretofore alienated said property.

"That therefore said Mrs. Cace is not the owner of said property, and is without title or ownership thereto of such nature and kind as is recognized by the laws of this state."

Plaintiff then alleges that the only title which Mrs. Cace is able to produce, or did produce, upon the trial of the suit for specific performance is one which she claims under a judgment of the district court for the parish of Plaquemines, rendered by consent, sending her in possession, as the legatee of her mother, Mrs. Stephany Evasovich, of the property which she was seeking, in said suit for specific performance, to force upon them; that, as Mrs. Evasovich was without title to said property at the time of her death, she could not bequeath the property to her daughter, Mrs. Cace; hence that Mrs. Cace had no title to said property, and had none at the time of the trial of said suit for specific performance—all of which she well knew at said time.

Plaintiffs then allege that to force them to accept said property from Mrs. Cace in exchange for their own, when she is without title to the part which she is to give in exchange, and was without title to the same to her knowledge, at the time of said trial, would work an irreparable injury to them, and would be to permit Mrs. Cace to perpetuate a fraud upon them through the instrumentality of the courts. They therefore allege that said judgments should be annulled and the execution of the one ordering specific performance of the contract of exchange enjoined, and pray for judgment accordingly.

The trial judge ordered the injunction prayed for to issue. Mrs. Cace, the defendant in the suit, appeared and moved to dissolve the injunction on some two or three grounds, one of them being that the injunction issued upon allegations that are false and untrue, and in her motion prayed for damages for the unlawful issuance of the writ. The court referred the motion to the merits without prejudice to either side. Defendant then filed an answer, putting at issue the allegations of plaintiffs' demand.

On the trial plaintiff offered the certificate of the clerk of court and ex officio recorder to show that the property they were ordered to receive from defendant in exchange in the

suit for specific performance did not belong to her, but belonged instead to Luke Boubagne, and stood of record in his name. In rebuttal, defendant offered a deed showing that Boubagne acquired said property from the succession of J. M. Dumolin, and offered evidence showing that Boubagne died 10 years later, leaving a last will and testament by which he bequeathed the property to his niece, Mrs. Evasovich, the mother of the defendant Mrs. Cace, and also offered evidence showing that this will was probated in 1893, and that judgment was rendered in that year, sending Mrs. Evasovich into possession of the property as the universal legatee of Boubagne. The certificate of the clerk of court showing to the contrary, is explained by the fact that the judgment sending Mrs. Evasovich into possession was not recorded at the time the certificate was given, and not until after this suit was filed.

[1, 2] It may be added to the foregoing that defendant Mrs. Cace has also shown that she and her authors in title have had actual possession of the property for more than 30 years, and hence that she has a title to the property by the prescription of 30 years. C. C. art. 3475. It may be also said that, as defendants and her authors have had actual possession of the property in good faith for over 10 years under titles translative of property, defendant has a title also by the prescription of 10 years. C. C. art. 3474.

[3] Therefore there can be no question as to the validity of the title that plaintiffs have been ordered to receive in exchange in pursuance of their contract of November 3, 1916, and hence it follows that the charges of fraud and malpractice, made by plaintiffs against defendant, relative to the prosecution and conduct of her suit against them for specific performance, are not well founded. Therefore the trial court was correct in rejecting the demand of plaintiffs for the nullity of the judgment, ordering specific performance, and in dissolving the injunction that issued to restrain the execution of that judgment.

[4] The next question to be considered relates to what damages, if any, defendant is entitled to for the illegal issuance of the injunction. She avers that she is entitled to "the statutory or legal damages provided by law, or 20 per cent. of the full value of the property which was awarded to the said Mrs. Anastasia Evasovich, wife of John Cace." The trial court found that the value of the property awarded to Mrs. Cace, the defendant herein, was $2,000, and allowed her on this item 20 per cent. of that amount as damages.

We think that the court erred in allowing these damages to defendant. The only authority for allowing 20 per cent. statutory damages on the dissolution of an injunction is article 304 of the Code of Practice. The statutory damages authorized by this article are punitory in their nature. Meaux v. Pittman, 35 La. Ann. 360. Hence, in so far as the article authorizes the granting of them, it should be strictly construed. The language of the article, in our opinion, clearly shows that the provision therein, relative to the allowance of 20 per cent. damages, is applicable only when an injunction restraining the execution of a moneyed judgment is dissolved. The judgment, the execution of which in this instance was enjoined, is not a moneyed judgment, and hence the statutory damages prayed for should not have been allowed.

[5] Defendant has also sued for attorneys' fees for dissolving the injunction. These the trial court allowed. Such fees are not allowed where the injunction has been dissolved as a result of the trial of the case on the merits. Albert Hanson Lumber Co. v. Mestayer, 130 La. 688, 58 So. 511. In the case at bar, a motion to dissolve the injunction was filed, and was referred to the merits without prejudice. The case was tried on the merits, and the injunction dissolved as a result of that trial. In a similar case this court said:

"While it is true that a motion to dissolve the writ of injunction was filed, and was referred to the merits without prejudice to either party, yet it is also true that this motion involved a trial on the merits, and that the injunction was in fact dissolved on the merits, and not on the motion. Under the circumstances, attorney's fees will not be allowed as damages, for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible." Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652.

And in Re Morgan & Co., Inc., Lumberman's Bank & Trust Company v. De Ridder Light & Power Co., 155 La. 915, 936, 99 So. 696, 703, we said:

"But since the merits of the case have been submitted along with the rule to dissolve, and the injunction dissolved only after passing on the merits, it follows that plaintiff cannot be allowed attorney's fees for the dissolution of the writ, 'for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible.'"

Under the circumstances we think that the court erred in allowing attorneys' fees.

[6] Defendant has asked for other damages. These were not allowed by the trial court. As defendant has not appealed from the judgment, and has filed no answer to the appeal asking that the judgment be amended so as to allow these items, they cannot be allowed.

For the reasons assigned, the judgment appealed from is amended by disallowing said items of damages, and as thus amended said judgment is affirmed, the costs of this appeal to be paid by the appellees.

---

(106 So. 558)