## FIRST NAT. BANK OF VILLE PLATTE v. COREIL et al.

### No. 1156.

Court of Appeal of Louisiana. First Circuit. June 30, 1933.

For former opinion, see 145 So. 395.

See, also, 145 So. 393; 146 So. 479.

Guillory & Guillory, of Ville Platte, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellees.

LE BLANC, Judge.

Whilst- it is not so stated in the order granting a rehearing in this case, our intention was to limit the same to the two questions raised in the application filed on behalf of First National Bank of Ville Platte, plaintiff and appellant. There was no application for rehearing presented on the part of M. A. Francis Coreil, third opponent and appellee who had suffered a reversal of the judgment appealed from. See (La. App.) 145 So. 395. At any rate, it was stated in open court, when the case was taken up for argument on rehearing, that our consideration would be limited to the two questions raised, and it will be so restricted. Those two questions are: First, with regard to the description of the property sought to be enjoined from seizure, which plaintiff and appellee contends is incorrectly stated in the opinion originally handed down by us; and, second, with regard to the demand for damages upon the dissolution of the injunction as provided for by article 304 of the Code of Practice.

Instead of that given in the body of the opinion, the correct description of the original property involved, is as follows: "A certain store building with the improvements, furniture and fixtures thereto appertaining, and belonging, known as the Suburban Grocery and Cafe, situated on the south of and facing Main Street in the town of Ville Platte, La., on the northwest part of Lot One (1) of the plat of survey and subdivision made by M. J. Goudeau, Jr., C. E. and L. M. Guillory, Asst. Surveyor, of the estate of Amelie Vidrine, widow of L. M. Coreil, on Jan. 17, 1931, and being same store building with fixtures and appurtenances acquired by Mrs. J. M. Coreil during the regime of her community with said J. M. Coreil, her husband."

In their brief on rehearing, counsel for Coreil, intervener and third opponent who unsuccessfully sought to enjoin the seizure and sale of the property erroneously described, state that they have no objection to a correction being made. That question therefore need not bother us more than to seeing that the judgment and decree heretofore rendered be amended so as to give the proper and correct description, which will be done.

The only and important issue therefore that comes up is with reference to the demand for damages.

In his petition of intervention and third opposition, M. A. Francis Coreil alleged that "immediate and irreparable loss and damage will result to him unless a preliminary staying order be granted to him for the reason that there is not sufficient time under the law to try a rule nisi for a preliminary writ of injunction before the sale is scheduled to take place." The prayer of his petition, in accordance with the allegations, was for a preliminary staying order first, and then for a rule nisi ordering the plaintiff, First National Bank of Ville Platte, to show cause on a day to be fixed by the court why a preliminary writ of injunction should not issue. The court granted the staying order and at the same time issued the rule to show cause for August 28, 1931. All these proceedings were strictly in accordance with the provisions of the law relating to the granting of temporary restraining orders and injunctions in this state. See Act No. 29 of 1924. As a defense to the third opposition of Coreil and to the rule nisi, the bank first pleaded by way of exception that the petition did not disclose a right to injunctive relief, nor a right or cause of action. It then prays that its exception be maintained and that it recover judgment, in reconvention, for damages against M. A. Francis Coreil and Armand Coreil, surety on his injunction bond, for the sum of $100 "for the service of its attorneys to dissolve this preliminary stay order. * * *" It immediately, in the same document, proceeds to answer the petition on the merits, putting the same at issue on all points raised, and then, assuming the position of plaintiff in reconvention, sets out its demand in the following allegation: "That respondent has employed its attorneys herein to dissolve the preliminary stay order and protect its rights opposed to the demands contained in the prayer of M. A. Francis Coreil in his petition of intervention and third opposition herein, on a quantum meruit and is entitled to judgment for a reasonable attorney's fee, say the sum of One Hundred Dollars for the services of its said attorneys, to be recovered as damages against said M. A. Francis Coreil, opponent, and Armand Coreil, surety on his injunction bond, in solido."

The minutes of court make no reference to the rule for injunction, but show on the contrary that the case was fixed for trial on the merits. They do not show what disposition was made of the exception of no right or cause of action.

■ On the trial of the case on the merits, plaintiff attempted to prove through its president the employment of attorneys as set out in its reconventional demand. The testimony of the president was to the effect that the bank had agreed to pay the sum of $100 in case its attorney was successful and that there was no arrangement made in the event he was not. This testimony was objected to as being at variance with the allegation of the reconventional demand, and the objection was properly sustained by the court. The demand, according to the allegation was based on a quantum meruit, and clearly testimony which tended to establish a specific contract was not admissible.

■ The allegation herein quoted moreover shows that the fee claimed was not for the

dissolution of the restraining order only, but was also promised as a quantum meruit to oppose and defeat the demands of Coreil, the third opponent in his petition of intervention and third opposition. The services to be paid for therefore were both on the motion or exception to dissolve the restraining order and on the trial of the merits, and, as there was no separate trial of the motion, it is impossible to distinguish the value of the services rendered in that connection, if any, from those rendered in the trial of the case on the merits.

In re Morgan & Co., 155 La. 915, 99 So. 696, is a case in which the plaintiff, Lumberman's Bank & Trust Company, had obtained a moneyed judgment against De Ridder Light & Power Company and had seized a power plant as the property of the defendant. Morgan & Co. intervened in the proceeding, and, claiming to be the owner of the property seized, enjoined the sale thereof. There was a motion filed to dissolve the injunction, and the case was also put at issue on the merits. It was submitted on both the motion and the merits at the same time, and the injunction was dissolved only after passing on the merits. Because of this, the court refused to allow the attorney's fees claimed for the dissolution of the writ of injunction, "for to do so," it is stated, "would be to allow the fees virtually for defending the suit on the merits, which is not permissible. Three Rivers Oil Co. v. Laurence, 153 La. 224, 231, 95 So. 652, 654."

■ We have carefully considered the authorities cited by counsel for the plaintiff in which statutory damages under Code of Practice, art. 304, were allowed on dissolution of injunctions, but the similarity between this case and the Morgan & Co., Case, supra, is so striking that we are necessarily controlled by it. Moreover, it has been held that the 20 per cent. damages provided for under article 304 of the Code of Practice are punitory in character, and that, in so far as the article authorizes the granting of them, it should be strictly construed. Evasovich v. Cognevich et al., 159 La. 1035, 106 So. 556. In Kentwood Bank v. McClendon, 152 La. 489, 93 So. 748, it is indicated that, because of the punitory nature of such damages, there must be a palpable abuse of the writ of injunction to warrant their imposition. Certainly no such abuse appears in this case, and the claim will be denied.

For the reasons stated, it is now ordered, adjudged, and decreed that the original judgment and decree herein rendered on January 24, 1933, be and the same is hereby amended so as to read as follows:

It is therefore ordered, adjudged, and decreed that the judgment in favor of intervener be reversed, avoided, and annulled, and that his demand be rejected at his cost; that the store building with the improvements thereto appertaining and belonging, known as the Suburban Grocery & Café, situated on the property fully described herein, said store building having been seized under the writ of seizure herein, and thereafter claimed by third opponent as his property, be sold to pay the First National Bank of Ville Platte, seizing creditor, with costs, but not the movables for which intervener entered a disclaimer of title in his intervention.

Otherwise the said judgment and decree herein rendered to be reinstated and made the final judgment of this court.