O’NIELL, Chief Justice.
 

 On the recommendation of the Department of Conservation the Police Jury of
 
 *496
 
 the Parish of Tensas adopted a resolution authorizing one David M. Lide to catch and dispose of the predatory fish, or non-game fish, such as gars, buffalos, and spoonbill catfish, in Lake Bruen, for the purpose of conserving the game fish. Accordingly a contract was entered into between the police jury and Lide, by the terms of which he was to pay to the parish a stipulated royalty per pound on the non-game fish that he might sell. It was stipulated that the nets, traps and other equipment'to be used in the operations should be furnished by Lide and be approved by the Department of Conservation, and that the operations should be conducted under the supervision and direction of the department. The contract was approved by the Department of Conservation, was amended several times on the recommendations of the department, and was in fact literally taken over by the department, as far as the interests of the parish were concerned. Lide was obliged to give and did give a bond for $10,000, approved by the Department of Conservation, to guarantee the faithful fulfillment of his obligations under the contract. He invested more than $10,000 in seines, traps, boats and other equipment, all having the approval of the Department of Conservation. The work of seining and trapping the predatory or non-game fish was commenced and was well under way, under the supervision of the Department of Conservation, when it was stopped by the defendants in this suit, namely, Mrs. W. F. McDuff, who resides near the lake, and a justice of the peace, and P. S. Reardon, who is a constable and deputy sheriff. The sheriff was cited also as a defendant in the suit because of the acts of his deputy, Reardon. Mrs. McDuff brought on the litigation by-making an affidavit before the justice of the peace, charging Lide with violating Act No. 197 of 1936, by seining in a lake which the statute had closed to commercial fishing. The justice of the peace issued a warrant for the arrest of Lide; and the constable went to the lake with the warrant to arrest Lide, and, he being absent, the constable put a stop to all of the fishing operations under the contract. The Department of Conservation and the Police Jury and Lide then brought this suit for an injunction against Reardon and Mrs. McDuff and the justice of the peace and the sheriff, to prevent their interfering with the work under the contract. The judge of the district court issued a temporary restraining order and a rule on the defendants to show cause why a preliminary injunction should not be granted. The defendants filed a motion to dissolve the temporary restraining order, on the ground, first, that the plaintiffs did not furnish a bond as required by Act No. 29 of 1924, and, second, that the petition was not verified by an affidavit of the plaintiffs, and did not contain allegations of fact which would justify the granting of the temporary restraining order. Reserving the benefit of the motion to dissolve the temporary restraining order, the defendants answered the rule fo show cause why a preliminary injunction should not be granted. In their answer they pleaded that the contract on which the suit was founded was null, for two reasons, first, because by Act No. 197 of 1936 Lake Bruen was closed to commercial fishing, and, second, because the
 
 *498
 
 •contract was not advertised and let to the lowest responsible bidder, as required of •contracts for public works, by Act No. 73 of 1926, as amended by Act No. 190 of 1928, and by Act No. 20 of the Fourth Extra Session of 1935, and by Act No. 127 -of 1940. The defendants pleaded also that the judge had not jurisdiction or authority to enjoin an officer from making an arrest of a person accused of a violation of .a criminal statute. The judge heard and •overruled the defendants’ motion to dissolve the temporary restraining order, and then took up for trial the rule to show •cause why a preliminary injunction should -not be granted. The answer to the rule was virtually an answer to the suit itself, .and ended with a prayer that the suit •should be dismissed, that the contract with Lide should be declared illegal and of no •effect, and that the defendants’ rights should be reserved to sue for the damages which the defendants had suffered by the wrongful bringing of the suit. After hearing the evidence the judge gave judgment for the defendants, denying the plaintiffs .-an injunction and rejecting their demand. They and the defendants both appealed from the judgment. The defendants, before taking an appeal, filed a petition in this court for writs of certiorari, prohibition and mandamus, praying for a reversal •of the judgment. They prayed specifically for a reversal of the judgment overruling their motion to dissolve the temporary restraining order and to allow them damages; and they renewed their plea that the judge did not have jurisdiction or authority to enjoin the constable from making an arrest of a person accused of violating a criminal statute. The defendants renewed also their plea that the contract between the police jury and Lide was null and should be so declared. This court refused to grant the writs, and assigned this reason: “Relators have no right to complain as the decree of the trial court was in their favor.” Thereafter they took this appeal.
 

 Inasmuch as the judge finally rejected the plaintiffs’ demand for an injunction, and in consequence dissolved the temporary restraining order, the defendants have nothing to complain' of except that the judge did not allow them attorneys’ fees for dissolving'the temporary restraining order, and did not annul the contract between the police jury and Lide. The defendants are claiming $500 for their attorneys’- fees. Attorneys’ fees are not allowed for the dissolving of a temporary restraining order or a conservatory writ where the expense of the attorney’s fee is not incurred exclusively for dissolving the temporary restraining order or the conservatory writ; hence a defendant’s attorney’s fee is not allowable when a restraining order or conservatory writ is dissolved as a mere consequence of a rejection of the plaintiff’s demand, or dismissal of his suit. Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652; In re Morgan & Co., Inc., 155 La. 915, 99 So. 696; Witbeck v. Rea et al., 158 La. 1003, 105 So. 43; Evasovich v. Cognevich, 159 La. 1035, 106 So. 556; Louisiana State Rice Milling Co. v. Potter, 179 La. 197, 153 So. 690; Edwards v. Wiseman, 198 La. 382,
 
 *500
 
 3 So.2d
 
 661;
 
 Coleman v. Currie, Sheriff, 16 La.App. 403, 134 So. 733; Inter City Express Lines v. Guarisco, La.App., 165 So. 727; Falgout v. Boudreaux, La.App., 188 So. 421. As the judgment appealed from in this case rejected the demand of the plaintiffs for an injunction, after a hearing of the merits of the case, the defendants are not entitled to a judgment for the attorneys’ fees incurred in the dissolution of the temporary restraining order. They are claiming the damages on the theory that the restraining order should have been dissolved on the motion to dissolve it. The answer to that is that the motion to dissolve the temporary restraining order was not well founded, either on the ground that the plaintiffs did not furnish a bond, or on the ground that the petition was not properly verified, or that it did not contain allegations of fact which would justify the granting of a temporary restraining order. Act No. 173 of 1902 exempts from all requirements to furnish bonds in judicial proceedings all boards and commissions which exercise public functions; and the exemption was declared applicable to police juries in the case of Hayne v. Assessor, 143 La. 697, 79 So. 280, and was declared applicable to the Department of Conservation [then the Commissioner of Conservation] in the case of Everett, Commissioner of Conservation, v. Hue & Aarnes, 173 La. 420, 137 So. 201. It is true that Lide was not exempt from the obligation to furnish a bond to obtain a temporary restraining order. If he had been the only plaintiff in the suit he would have been required to furnish a bond for obtaining the temporary restraining order; but, ■ as -the two other plaintiffs were exempt by law from the giving of a bond, Lide’s being a party plaintiff could not deprive the two other plaintiffs of their right to obtain a temporary restraining order without giving bond. Referring now to the other ground for the motion to dissolve the temporary restraining order, we find that the plaintiffs’ petition was verified by the oath of Lide, and that the allegations were sufficient to make it “appear, to the satisfaction of the court” — as the statute provides — that immediate and irreparable injury might have resulted if the judge had not granted the temporary restraining order. It was alleged that the work of ridding the lake of the predatory fish was being done during the spawning season,- — -that it had to be done in that season in order to be effective, — and that any interruption of the work at that time would cause the loss of the benefit of all of the work that had been done under the contract. That was a sufficient reason for the judge to issue the temporary restraining order and to refuse to dissolve it on the defendants’ motion.
 

 The defendants’ complaint that the contract under which David M. Lide is removing the predatory fish from Lake Bruen should' be declared null was set up in answer to the rule to show cause why an injunction should not be granted. Since the judge has refused to grant an injunction we doubt that the defendants have any cause now to contend that the contract is not valid. Aside from that view, we concur in the opinion of the judge of the district court that the causes for which the
 
 *502
 
 defendants contended that the contract was not valid were not well founded, The first complaint was that the contract was violative of Act No. 197 of 1936, which forbids seining of fish for commercial purposes in Lake Bruen, and in certain other lakes named in the act, and makes a violation of the act a misdemeanor. The statute is not applicable to this case because the right which is given to David M. Lide to sell such predatory fish as he may catch, and to pay a royalty therefor to the parish, does not characterize the contract as one for the seining of fish for commercial purposes. The evidence leaves no doubt that the real purpose of the contract, which is being carried out under the supervision and direction of the Department of Conservation, is to conserve the game fish in Lake Bruen, by ridding the lake of the predatory fish. The provision for disposing of the predatory by selling them, and by thus paying or reducing the cost of the operations, besides allowing some revenue for the parish, is only an incident of the contract. The evidence convinced the judge who tried the case and it convinces us that the contract does not, directly or by subterfuge violate Act No. 197 of 1936. David M. Lide was never in the business of fishing for commercial purposes; -he was deeply interested in the conservation of game fish, and was willing to invest his money in this project as an experiment. Although the revenues from the sale of the predatory fish that were caught seemed large at the time when this suit was tried, the evidence showed that the revenues would be reduced as the predatory fish would be exterminated during the term of the contract, and hence that it was doubtful whether Lide would profit eventually by the contract.
 
 In
 
 the Act of 1936, the Department of Conservation is directed to take such steps as may be necessary to prevent the seining fo'r fish for commercial purposes in the lakes mentioned in the act. It must be presumed that the Department of 'Conservation is discharging its duty faithfully in that respect in this instance. The project has the sanction also, of the police jury of the parish, and of the district attorney, who is representing the police jury in this suit, and whose duty it would be to prosecute David M. Lide if he is violating the law. Our conclusion is that the carrying out of the contract is not a violation of Act No. 197 of 1936.
 

 The plaintiffs pleaded that Act No. 197 of 1936 was unconstitutional, on the ground that it was a local law and was not preceded by a publication of notice of the intention to apply for it, and hence was violative of Section 6 of Article 4 of the Constitution, which provides that no special or local law shall be passed on any subject on which such laws are permitted, unless notice of the intention to apply for the law shall have been published in the locality where the matter or things to be affected may be situated. Since we have concluded that the contract in question is not violative of Act No. 197 of 1936, there is no occasion for deciding or considering the question of constitutionality of the statute.
 

 The letting of the contract without. advertising for bids was not violative of Act No. 73 of 1926, as amended by Act No.
 
 *504
 
 190 of 1928, by Act No. 20 of the Fourth Extra Session of 1935, and by Act No. 127 of 1940. In the title of this act it is declared to be “relative to the proper letting of contracts for the purchase of materials or supplies, or the doing of public work by the parochial, municipal and other public corporations and political sub-divisions of the State.” The act declares that any public work to be done at a cost exceeding $500, by any parochial, municipal or other corporation or political subdivision of the State, or the purchase of materials or supplies, to be paid for out of public funds, shall be advertised and let by contract to the lowest responsible bidder, who has bid according to the contract, plans and specifications, as advertised. The contract which we are considering now did not require any cost or expense to “be paid out of public funds.” The contract was not for the purchase of materials or supplies for a public work to be done by a contractor. The terms of the contract, — especially the requirement that the work should be done under the control and supervision of the Department of Conservation, — exempted the contract from the requirements of the statute.
 

 The defendants’ plea to the jurisdiction of the court to issue an injunction or a temporary, restraining order was iounded upon the contention that the plaintiffs were attempting to enjoin the defendants from prosecuting David M. Lide for a violation of a criminal statute, Act No. 197 of 1936. The purpose of the suit was not to prevent the prosecution of Lide on the charge made by Mrs. McDuff. The purpose was to prevent the defendants from interfering with the operations which were being conducted under the supervision of the Department of Conservation during the prosecution of Lide. The temporary restraining order left the defendants free to continue with the prosecution of Lide, provided they did not, by harassing him and his employees with the serving of warrants of arrest, interfere with the operations which were being conducted under the supervision of the Department of Conservation. Lide was not present or in the parish when the constable stopped the operations under the contract. That was the cause for which the plaintiffs brought this suit for an injunction, and obtained a temporary restraining order. The judge was right in overruling the exception to his jurisdiction or authority to grant a temporary restraining order and a rule on the defendants to show cause why a preliminary injunction should not be issued.
 

 The only remaining question is whether the plaintiffs, as appellants, are entitled to a reversal of the judgment rejecting their demand for an injunction. The judge, in his written reasons for rejecting the demand, admonished the officers who were defendants in the suit that they should regard with great caution any attempt of anyone to stop this public work under the guise of prosecuting Lide or his employees for violation of a criminal statute. The judge declined to issue the injunction because he was assured by the evidence that there would be no further attempt on the part of the defendants to interfere with the operations under the con
 
 *506
 
 tract, and because he, the judge, desired to avoid any interference with the public officials in what they believed was their duty. We have no reason to doubt that the judge was warranted in his judgment that there would be no further interference with the carrying out of this contract under the direction and supervision of the Department of Conservation.
 

 The judgment is affirmed.