This is a suit for damages allegedly resulting from the wrongful issuance of a writ of sequestration. Plaintiffs' claim is based upon the following undisputed facts.
On May 6th, 1942, plaintiffs purchased a washing machine from Hurwitz Mintz Furniture Company, a commercial co-partnership, for the price of $76.04. The payment of this price was to be made in installments and plaintiffs executed a promissory note and chattel mortgage in favor of the furniture company to secure the debt. On May 20th, 1943, in the proceedings entitled "Hurwitz Mintz Furniture Company vs. Felix L. Hebert" No 307,918 of the docket of the First City Court of New Orleans, the furniture company filed suit claiming that Hebert had defaulted in the payment of the installments due on the note; that he was in arrears to the extent of $21.54, and that it was, therefore, entitled to judgment against him for that amount. In connection with this claim, and upon the usual allegations that the furniture company had a lien and privilege upon the washing machine to secure payment of the price and that it was within defendant's power to conceal, part with or dispose of the property during the pendency of the litigation, a writ of sequestration was prayed for and duly issued by the court and the washing machine was thereafter seized by the constable under the writ.
In due course, Hebert appeared and denied any liability in the premises, pleading payment, as a special defense, in bar of the action. In addition thereto, he filed a motion to dissolve the writ of sequestration and prayed that he be awarded attorney's fees.
Thereafter, the case was tried upon its merits and the trial judge, being of the opinion that Hebert's plea of payment was well founded, dismissed the suit and dissolved the writ of sequestration but denied Hebert's claim for attorney's fees. On appeal to this court (see No. 18,026 of our *Page 640 
docket, an unreported de novo case) the judgment of the trial court was affirmed. When the case was tried in this court, counsel for Hebert answered the appeal and reasserted the claim for attorney's fees. This claim was denied on the ground that the recovery of attorney's fees could not be permitted since the suit had been dismissed in the lower court after a trial on the merits and not upon the motion to dissolve the writ of sequestration.
On May 20th 1944, after the judgment in the sequestration proceeding had become final, plaintiffs, Mr. and Mrs. Felix L. Hebert, filed the instant suit in the First City Court claiming $300 damages resulting from the alleged wrongful issuance of the writ. They joined as defendants Hurwitz Mintz Furniture Company, and the individual members thereof, and also one Jeanne Rolle, the surety on the sequestration bond. In their petition, plaintiffs. itemize their damages as follows: $139, for embarrassment and mental anguish sustained by them as a consequence of the seizure by the constable of the washing machine and for the subsequent effect upon their good credit standing in the community; $50, for deprivation of the possession and use of the washing machine from May 20th, 1943, the date of the seizure, to June 4th, 1943, when the machine was returned to them; $75, for attorney's fees expended in connection with the trial of the sequestration proceedings in the First City Court and in this court and $36 for the loss of time from work by plaintiff, Felix Hebert, during the trial of the sequestration suit.
Defendants appeared and resisted plaintiffs' claim by way of exception of no right or cause of action and, in addition thereto, filed an answer denying generally that plaintiffs had sustained any damage whatever by reason of the previous suit.
After a trial in the lower court, there was judgment in plaintiffs' favor for the sum of $300 against all defendants, in solido. Defendants have appealed.
[1] At the outset, we notice that the trial judge committed error in condemning Jeanne Rolle, the surety on the sequestration bond, for $300 damages, in solido, with the other defendants for the obvious reason that the sequestration bond is for only $100. Therefore, the limit of her liability thereon cannot in any event exceed that amount.
Since the judgment of the lower court is for $300, which is the total amount sued for, it is evident that the judge was of the opinion that all of the items of damage claimed by plaintiffs are well founded in law and have been sustained by adequate proof. In view of this, it becomes necessary to consider each item of alleged damage separately in order to ascertain whether the holding can be maintained.
[2, 3] The item of $75, which plaintiffs claim to have expended for attorney's fees in connection with the trial of the sequestration proceeding in the lower court and in this court, was erroneously allowed below. The jurisprudence of this State is well settled that attorneys fees cannot be recovered as damages in cases where a conservatory writ has been set aside or dissolved unless the services have been performed solely and exclusively in a proceeding having for its purpose the dissolution of the writ. If the writ is set aside merely as an incident to the trial of the merits of the controversy, as in the instant matter, recovery of attorney's fees is not sanctioned. See Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652; First National Bank v. Corcil, La. App., 149 So. 326; Witbeck v. Rea et al., 158 La. 1003, 105 So. 43; In re Morgan Co. Inc., 155 La. 915, 99 So. 696; Evasovich v. Cognevich, 159 La. 1035, 106 So. 556; Fariss v. Swift,156 La. 12, 99 So. 893; Fabacher v. Rouprich, 160 La. 433, 107 So. 295; Smith v. Win. D. Keith Motors Co., 163 La. 396, 111 So. 798; Socola Rice Mill Co. v. Gitz, 165 La. 984, 116 So. 407, and Edwards v. Wiseman, 198 La. 382, 3 So.2d 661. Compare, American Hoist Co. v. Frey, 127 La. 183, 53 So. 486; General Finance Co. of Louisiana v. Veith, La. App., 177 S. 71 and Rene Implement Co. v. Perrin, La. App., 178 So. 181.
[4] The same result obtains with respect to the item for $36 damages for loss of time from work by plaintiff, Felix Hebert, during the trial of the sequestration suit. In Socola Rice Mill Co. v. Gitz, supra, the Supreme Court disallowed a similar claim, holding that it fell within the reason for the rulings denying recovery for attorney fees where the writ was dissolved upon a trial of the merits of the case.
[5] The next item of alleged damage claimed by plaintiffs is the sum of $50 for deprivation of the possession and use of *Page 641 
the washing machine from May 20th, 1943, the date of the seizure, to June 4th, 1943, when the machine was returned to them. As this item is for damages which flow as a direct consequence of the issuance of the writ, plaintiffs are entitled to be reimbursed for the actual loss they sustained, provided, of course, that the damages have been proved with certainty. However, the only evidence offered by plaintiffs to sustain this claim is the testimony of Mrs. Hebert to the effect that, during the time the washing machine was under seizure, she was compelled to send plaintiffs' clothes and household linen to the Chalmette Laundry and that she paid $8.75 to the laundry for washing and cleaning the slipcovers of her parlor set. The charge made by the laundry for plaintiffs' clothes and other washable goods is not shown. In view of this, plaintiffs are entitled to recover the actual damages proved, amounting to $8.75.
[6] Disposal of the foregoing items leaves only for consideration the claim for $139 representing the alleged embarrassment, mental anguish and inconvenience sustained by plaintiffs as the result of the seizure of the washing machine by the constable and for the subsequent effect upon their good credit standing in the community. It will be immediately noticed that the $139 sought to be recovered is founded upon two separate elements of damage allegedly sustained by plaintiffs (1) mental anguish, etc., and (2) loss of credit standing. The record shows that plaintiffs have utterly failed to prove that their credit standing in the community has been affected in any way as a consequence of the seizure. In fact, Mrs. Hebert testified that it had not been affected. On the other hand, plaintiffs have established that they did suffer mental anguish, inconvenience and humiliation. In view of this, it becomes difficult to estimate what part of the $139 sued for should be allowed for that element of damage since plaintiffs have seen fit to combine the two elements in a single claim. Under such conditions, we feel justified in assuming that both elements contributed equally to the total claimed damage of $139 and that, since only one element, i. e., mental anguish, inconvenience and humilitation has been proven, plaintiffs are entitled to recover approximately one-half of $139 or the sum of $70.
Counsel for plaintiffs direct our attention to the case of Lewis v. Burglass, La. App., 172 So. 807, where it is shown that sums ranging between $200 and $750 have been awarded by the courts for mental anguish, inconvenience, etc., resulting from unlawful invasions by creditors of the premises of their debtors. But, even if the standards used in those cases in gauging the measure of damages to be recovered for mental anguish were applicable to the facts presented here, it is clear that plaintiffs could in no event recover more than the amount sued for — which, in this case, is $139, less whatever amount plaintiffs believed to be due them for the alleged loss of their credit standing which they have been unable to prove.
For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof to $78.75 and, as thus amended, it is affirmed. The costs of this appeal are to be paid by plaintiffs.
Amended and affirmed.